UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| ANTHONY GEORGE LOGGINS<br>    Plaintiff,<br><br>v.<br><br>SHERIFF W.B. MELTON, et al.<br>    Defendants | No. 2:09-0013<br>(No. 2:08-mc-0010)<br>JUDGE HAYNES |

M E M O R A N D U M

Plaintiff, proceeding *pro se*, is an inmate at the Overton County Jail in Livingston, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against W.B. Melton, Sheriff of Overton County, and Sgt. Mike Kruger, a member of the jail's staff, seeking injunctive relief and damages.

In August, 2008, Plaintiff and three other inmates were placed in a cell designed to house only one prisoner. They remained in the cell for forty eight (48) hours as a means of punishment for an unspecified disciplinary infraction. Plaintiff claims that being kept in such cramped quarters constitutes a violation of his rights.

To state a claim under 42 U.S.C. § 1983, the Plaintiff must plead and prove that the defendants, while acting under color of state law, deprived him of some right guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981).

The Eighth Amendment imposes a duty on jail officials to "provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter and medical care, and must take reasonable measures to guarantee the safety of the inmate." Hudson v. Palmer, 468 U.S. 517, 526-527 (1984).

The overcrowding of a jail, in and of itself, does not offend the Constitution. Rhodes v. Chapman, 452 U.S. 337, 345-347 (1981). However, overcrowding that results in conditions which produce "the deprivation of a single, identifiable human need such as food, warmth or exercise" is actionable. Wilson v. Seiter, 501 U.S. 294, 304 (1991).

In this case, the Plaintiff does not allege that his placement in an overcrowded cell for a two day period resulted in a serious deprivation of food, clothing, shelter or medical care. He simply suggests that he was very uncomfortable for this limited period of time. The Constitution does not mandate that our jails be comfortable. Rhodes, supra at 452 U.S. 349. Consequently, the Plaintiff has failed to allege a violation of constitutional proportion.

In the absence of a violation of federal law, Plaintiff is unable to prove every element of his cause of action. Therefore, he has failed to state a claim upon which § 1983 relief can be granted. Sua sponte dismissal of this action, therefore, would be warranted. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
WILLIAM J. HAYNES, JR.
United States District Judge
4-7-09